845 F.2d 1033
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Patricia A. SHORE, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 87-3499.
 United States Court of Appeals, Federal Circuit.
 Feb. 8, 1988.
 
 Before NIES, Circuit Judge, NICHOLS, Senior Circuit Judge, and BISSELL, Circuit Judge.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 The Office of Personnel Management (OPM) denied Patricia A. Shore's application for disability retirement. She appealed that reconsideration decision to the Merit Systems Protection Board, Docket No. CH831L8710062. After a hearing, the administrative judge affirmed the OPM's decision. The full board declined review and Shore now seeks review of the board's final decision. We affirm.
 
 OPINION
 
 2
 Shore was promoted by United States Tank Automotive Command (TACOM) at Warren, Michigan to the position of Lead Data Transcriber in 1982. Shortly thereafter, she incurred extended absences from duty which caused her removal in 1984. In 1985, Shore filed a second application for disability retirement (the first had been denied by OPM, denied upon reconsideration, and the board had affirmed) in which she specified chronic sinusitis, tendonitis of the left wrist, and a mental disorder (depression) as the medical bases for seeking disability retirement.
 
 
 3
 The board found that Shore failed to establish, by a preponderance of probative evidence, that she is disabled from useful and efficient service. On appeal to this court, Shore reiterates her evidence and arguments, presented to the OPM, which she asserts demonstrate her disability. The United States Supreme Court has ruled, however, that this court may not review the "factual underpinnings" decided by the OPM on questions of disability under 5 U.S.C. Sec. 8347(c) (1982). Lindahl v. Office of Personnel Management, 470 U.S. 768, 791 (1985). Therefore, we decline to review the medical evidence Shore presented to support her claim that she met the requirements of 5 C.F.R. Sec. 831.502 (1987) and demonstrated disability.
 
 
 4
 Shore also argues on appeal that "the agency erroneously interpreted the applicable statutes and regulations with regard to the appellant in rendering the decision." Specifically, she asserts OPM "ignored the medical testimony submitted" and "erroneously neglected to review all medical documentation as a totality." As the Supreme Court stated, we do review section 8347 disability determinations to assure "there has [not] been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.' " Id. (citing Scroggins v. United States, 397 F.2d 295, 297 (Ct.Cl.), cert. denied, 393 U.S. 952 (1968)). Our review of the record shows, however, that it is devoid of any legal or procedural error. The OPM and the board carefully scrutinized the medical evidence. Accordingly, we affirm the board's decision.